# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

TIMOTHY MOSBY,                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 4:05CV009-GHD-EMB

BOLIVAR COUNTY REGIONAL
CORRECTIONAL FACILITY, ET AL.,                                          DEFENDANTS

## REPORT AND RECOMMENDATION

**BEFORE THE COURT** is Defendants' Motion to Dismiss [doc. 6]. This matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendations.

Plaintiff filed a Complaint of discrimination against Defendants with the EEOC, which ruled that based upon its investigation it "was unable to conclude that the information obtained establishes violations of the statutes." The letter containing this ruling and notice to Plaintiff of his right to sue was issued on October 7, 2004. Plaintiff filed his Complaint in this action on January 10, 2005.

In their motion to dismiss, Defendants argue Plaintiff's Complaint is barred by the applicable statute of limitations and should be dismissed. Plaintiff did not file a response to Defendants' motion to dismiss.

A Title VII claim must be brought within ninety days of receipt of a right-to-sue notice from the EEOC. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992). Where a party fails to file their lawsuit within the ninety-day limitations period, their Complaint should be dismissed. *See Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D.La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the ninetieth day, as planned, by family illness). In the Fifth Circuit, there is a presumption that a party receives the right-to-sue notice three

days after it is mailed. *See Martin v. Alamo Community College District*, 353 F.3d 409, 411 (5th Cir.2003). The Complaint, therefore, must be filed ninety-three (93) days after the right-to-sue letter is mailed.

In this case, the EEOC issued Plaintiff's right to sue letter on Thursday, October 7, 2004. Thus, Plaintiff had ninety-three days from this date to file the Complaint. Adding ninety-three days put the deadline for Plaintiff to file suit at Saturday, January 8, 2005, a day on which this Court was not open. Thus, in accordance with FED.R.CIV.P. 6(a), Plaintiff had to file his Complaint by Monday, January 10, 2005, the next business day for the Court. Because Plaintiff filed his Complaint on January 10, 2005, it was timely filed and should not be barred. Therefore, it is recommended that Defendants' motion to dismiss be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 11th day of January, 2006.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**